UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DEL-RIO SWINK, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | CLASS ACTION COMPLAINT |
| v. | |
| THE UNIVERSITY OF PHOENIX, INC., an Arizona corporation, THE RECEIVABLE MANAGEMENT SERVICES CORPORATION, a Delaware corporation, | |
| *Defendants*. | |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Del-Rio Swink brings this class action complaint against Defendant The University of Phoenix, Inc. and Defendant The Receivable Management Services Corporation, Inc. to stop Defendants' practice of making unsolicited telephone calls to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by their conduct. Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1.  Defendant The Receivable Management Services Corporation, Inc. is a debt collector working in conjunction with Defendant The University of Phoenix to collect debts on its behalf.

2.  In its collection efforts, Defendants engage in unlawful and unfair debt collection practices by repeatedly making (or directing to be made on its behalf) unsolicited telephone calls to Plaintiff's and the other putative Class member's cellular telephones in violation of the

1

Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

3.  Neither Plaintiff Swink, nor the other members of the proposed Classes, ever provided prior express consent to be contacted on their cellular telephone in relation to their tuition payments.

4.  By making the telephone calls at issue in this Complaint, Defendants caused Plaintiff and the members of the Classes actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and the monies paid to their wireless carriers for the receipt of such telephone calls. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case.

5.  In response to Defendants' unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendants to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Classes under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

6.  Plaintiff Del-Rio Swink is a natural person and citizen of the State of Missouri.

7.  Defendant The University of Phoenix, Inc. ("UOP") is a corporation organized and existing under the laws of the State of Arizona with its principal place of business located at 4025 S. Riverpoint Parkway, Phoenix, Arizona 85040. UOP does business throughout the United States, the State of Missouri and in this District.

8.  Defendant The Receivable Management Services Corporation, Inc. ("RMS") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 240 Emery Street, Bethlehem, Pennsylvania 18015. RMS does business throughout the United States, the State of Missouri and in this District.

## JURISDICTION AND VENUE

9. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, which is a federal statute.

10. The Court has personal jurisdiction over Defendants and venue is proper in this District because Defendants transacts significant amounts of business within this District including making telephone calls to consumers located in this District, obtaining customers here, collecting debts here, and Defendant UOP operates seven campus locations in Missouri.

## COMMON FACTUAL ALLEGATIONS

11. Defendants made and continue to make repeated phone calls to consumers who allegedly owe money to Defendant UOP, and who never provided prior express consent to be called on their cellular telephone for any purpose related to their tuition payments or alleged debts.  Instead, Defendants acquire phone numbers through various means such as "skip tracing," "number trapping," or through other means in which Defendants do not obtain actual consent to make phone calls related to alleged UOP debt.

12. Defendants have placed calls for the purpose of debt collection to thousands of consumers in the past four years.

13. Plaintiff enrolled at Defendant UOP in or around the Fall of 2011. At the time of her enrollment, Plaintiff only provided her residential landline telephone number on her UOP application and any related financial documents.

14. After attending classes for six weeks, UOP charged her more than she had agreed for her classes, and UOP subsequently directed her to take classes that she had already completed.  As a result of these issues, Plaintiff left UOP in December 2011.

15. UOP thereafter claimed that Plaintiff owed it $1200.

16. Starting in or around January 2012, Defendant UOP, in an effort to collect the alleged debt stemming from her enrollment at UOP, repeatedly made harassing telephone calls to her cellular telephone. Defendant UOP made unauthorized telephone calls to Plaintiff as often as *twelve times* per week.

17. Thereafter, starting in November 2012, Defendant RMS also began calling Plaintiff on her cellular telephone seeking to collect the alleged UOP debt. Since that time, Defendant RMS has made dozens of telephone calls to Plaintiff's cellular telephone.

18. Plaintiff never provided prior express consent to receive telephone calls on her cellular telephone related to her UOP tuition payments. Plaintiff did not provide her cellular telephone number on her enrollment application or any related financial forms.

19. Additionally, Plaintiff never provided her cellular telephone to RMS, and Plaintiff did not provide prior express consent to receive telephone calls from RMS on her cellular telephone related her UOP tuition payments.

20. The calls Plaintiff received, separately from both UOP and RMS, were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.  Additionally, Defendants' calls utilized interactive voice recognition technology, also known as a predictive dialer, in which numerous calls were placed simultaneously by a machine before being connected to a live operator.

21. Defendants were and are aware that the above described telephone calls were and are being made to consumers without those consumers' prior express consent.

## CLASS ALLEGATIONS

22. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and two classes (collectively, the "Classes") defined as follows:

> University of Phoenix Class:  All individuals in the United States who (1) received a telephone call pertaining to an alleged University of Phoenix debt; (2) made by Defendant University of Phoenix; (3) on a cellular telephone number; (4) that the call recipient did not provide Defendants with prior express consent to receive telephone calls on; (5) related to his or her University of Phoenix tuition payments.
>
> Receivable Management Services Class: All individuals in the United States who (1) received a telephone call pertaining to an alleged University of Phoenix debt; (2) made by Defendant Receivable Management Services Corporation; (3) on a cellular telephone number; (4) that the call recipient did not provide Defendants with prior express consent to receive telephone calls on; (5) related to his or her University of Phoenix tuition payments.

23. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants have made telephone calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be identified through Defendants' records.

24. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

25. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendants have no defenses unique to Plaintiff.

26. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any

questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

  (a) whether Defendants' conduct constitutes a violation of the TCPA;

  (b) whether the equipment Defendants used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCPA;

  (c) whether Defendants systematically made telephone calls to persons who did not previously provide Defendants with their prior express consent to receive such telephone calls;

  (d) whether Class members are entitled to treble damages based on the willfulness of Defendants' conduct.

27. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendants' misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be

fostered and uniformity of decisions ensured.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of Plaintiff and the Classes)

28. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

29. Defendants and/or their agents made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Classes without their prior express consent to receive such calls.

30. Defendants made the telephone calls, or had them made on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

31. Defendants and their agents utilized equipment that made, or had made on its behalf, the telephone calls to Plaintiff and other members of the Classes simultaneously and without human intervention.

32. By making, or having made on its behalf, the unsolicited telephone calls to Plaintiff and the Classes' cellular telephones without prior express consent, and by utilizing an automatic telephone dialing system, Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii).

33. As a result of Defendants' unlawful conduct, Plaintiff and the members of the Classes suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

34. Should the Court determine that Defendants' conduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages

recoverable by Plaintiff and the other members of the Classes.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Del-Rio Swink, individually and on behalf of the Classes, prays for the following relief:

1. An order certifying the Classes as defined above, appointing Plaintiff Del-Rio Swink as the representative of the Classes, and appointing her counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendants to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Classes;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated:  March 12, 2013

By: /s/ Thomas P. Rosenfeld
One of her Attorneys

THOMAS P. ROSENFELD #13675
tom@ghalaw.com
KEVIN P. GREEN #63497MO
kevin@ghalaw.com
GOLDENBERG HELLER ANTOGNOLI & ROWLAND, P.C.
2227 South State Route 157
Edwardsville, IL 62025
Telephone: (618) 656-5150

JAY EDELSON*
jedelson@edelson.com
RAFEY S. BALABANIAN*
rbalabanian@edelson.com
CHRISTOPHER DORE*
cdore@edelson.com

BENJAMIN H. RICHMAN*
brichman@edelson.com
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370

D. FRANK DAVIS*
fdavis@davisnorris.com
JOHN E. NORRIS*
jnorris@davisnorris.com
DAVIS & NORRIS LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, AL 35205
Telephone: (205) 930-9900

**pro hac vice* application to be filed